**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 115402

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jennifer Espinal, individually and on behalf of all those similarly situated,<br><br>                    Plaintiff,<br><br>                    vs.<br><br>Harris & Harris, Ltd.,<br><br>                    Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Jennifer Espinal, individually and on behalf of all those similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Harris & Harris, Ltd. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendant conducted business within the State of New York.

1

## PARTIES

5. Plaintiff Jennifer Espinal is an individual who is a citizen of the State of New York residing in New York County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Harris & Harris, Ltd., is an Illinois Limited Liability Company with a principal place of business in Cook County, Illinois.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated November 20, 2017. (**"Exhibit 1."**)

15. The Letter was the initial communication Plaintiff received from Defendant.

16. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

17. The Letter states "Please be advised that your past due account(s) in the total amount of $5,620.00 has/have been forwarded to our office for collection. For additional information regarding your account(s), please see the detail box on the reverse side of this letter.

18. The "detail box" states "**You may have additional accounts with our office that are not listed below.**"

## FIRST COUNT
### Violation of 15 U.S.C. § 1692g

19. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

20. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

21. 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

22. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt clearly from the perspective of the least sophisticated consumer.

23. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt accurately from the perspective of the least sophisticated consumer.

24. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt without ambiguity from the perspective of the least sophisticated consumer.

25. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the notice.

26. The failure to include the foregoing information renders an otherwise accurate statement of the "amount of the debt" violative of 15 U.S.C. § 1692g(a)(1).

27. The least sophisticated consumer could read the Letter to mean that Defendant is demanding $5,620.00 for all of her accounts with Defendant.

28. The least sophisticated consumer could also the Letter to mean that payment of $5,620.00 would satisfy her debt.

29. The least sophisticated consumer could also the Letter to mean that payment of $5,620.00 would not satisfy her debt, because she may have additional accounts with Defendant that are not listed.

30. The least sophisticated consumer could read the Letter to mean that Defendant is attempting to collect "additional accounts" that have not been properly disclosed.

31. The least sophisticated consumer would be unable to determine what she will need to pay to resolve her debts with Defendant.

32. The least sophisticated consumer would be unable to determine the amount of her debt.

33. Defendant failed to explicitly state the amount of the debt.

3

34. Defendant failed to clearly state the amount of the debt.

35. The least sophisticated consumer would likely be confused as to the amount of the debt.

36. The least sophisticated consumer would likely be uncertain as to the amount of the debt.

37. The Letter did not convey "the amount of the debt" clearly from the perspective of the least sophisticated consumer.

38. The Letter did not convey "the amount of the debt" accurately from the perspective of the least sophisticated consumer.

39. The Letter did not convey "the amount of the debt" without ambiguity from the perspective of the least sophisticated consumer.

40. Defendant violated § 1692g as it failed to clearly and explicitly convey the amount of the debt.

## SECOND COUNT
## Violation of 15 U.S.C. § 1692e

41. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

42. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

43. While Section 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

44. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

45. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

46. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

47. The least sophisticated consumer could read the Letter to have two or more meanings, one of which is inaccurate.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

48. The Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

49. The least sophisticated consumer could read the Letter to mean that Defendant is demanding $5,620.00 for a single account.

50. The least sophisticated consumer could read the Letter to also mean that Defendant is demanding payment for such "additional accounts."

51. The least sophisticated consumer could read the Letter to mean that Defendant is attempting to collect "additional accounts" that have not been properly disclosed.

52. These multiple interpretations would hamper the least sophisticated consumer's ability to respond to the collection letter.

53. As one of these reasonable interpretations of the Letter must be false, the Letter is deceptive within the meaning of 15 U.S.C. § 1692e.

54. As the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, as explained, the Letter is deceptive within the meaning of 15 U.S.C. § 1692e.

## CLASS ALLEGATIONS

55. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using a collection letter that states, "**You may have additional accounts with our office that are not listed below**", from one year before the date of this Complaint to the present.

56. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

57. Defendant regularly engages in debt collection.

58. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using a collection letter that states, "**You may have additional accounts with our office that are not listed below**".

59. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of

5

this controversy.

60. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

61. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

62. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Certify this action as a class action; and

b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

c. Find that Defendant's actions violate the FDCPA; and

d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Grant Plaintiff's costs; together with

g. Such other relief that the Court determines is just and proper.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

DATED: September 11, 2018

                          **BARSHAY SANDERS, PLLC**

                          By: _/s/ *Craig B. Sanders*_____
                          Craig B. Sanders, Esq.
                          100 Garden City Plaza, Suite 500
                          Garden City, New York 11530
                          Tel: (516) 203-7600
                          Fax: (516) 706-5055
                          csanders@barshaysanders.com
                          *Attorneys for Plaintiff*
                          Our File No.: 115402